CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 26 2018
JULIA C. DUDLEY, CLERK
BY: /s/ [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CECILE M. LESCS, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:18cv00021 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| MR. BURKHARDT, | ) Chief United States District Judge |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Cecile M. Lescs filed the instant Complaint (the "Federal Complaint"), ECF No. 1. In the accompanying order entered with this memorandum opinion, the court will grant Lescs leave to proceed in forma pauperis due to her indigence. After reviewing the Federal Complaint, the court concludes that the action must be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1915(e)(2)(B)(i)–(ii).

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). From the face of the Complaint, it is clear the parties lack complete diversity and the court cannot exercise subject matter over the action.

The Federal Complaint does not itself allege a cause of action. Instead, the Federal Complaint merely recites paragraphs purporting to show that it was timely filed and that venue is proper in this district. The Federal Complaint does, however, incorporate by reference a state complaint (the "State Complaint" or "State Compl."), ECF No. 2-3, which contains the causes of action that Lescs intends to prosecute. A review of the State Complaint reveals three causes of action: negligence, gross negligence, and an intentional tort. State Compl. ¶¶ 29–34. Lescs seeks punitive damages for the latter two claims. Id. ¶¶ 31–34.

Lescs' claims arise out of state law. See Nuckoles v. F.W. Woolworth Co., 372 F.2d 286, 286 (4th Cir. 1967); Adams v. NaphCare, Inc., 240 F.Supp.3d 438, 443–44 (E.D. Va. 2017). Because the Federal and State Complaints do not raise federal claims, the court has jurisdiction over this case only if it can exercise diversity jurisdiction under 28 U.S.C. § 1332. Under the well-established complete-diversity requirements, the court may exercise diversity jurisdiction "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Lescs pleads that she is a resident of Winchester, Virginia. State Compl. ¶ 1. Lescs names a multitude of defendants. See id. ¶¶ 2–11. Three of the named defendants are

2

Florida persons or business entities.[1] Id. ¶¶ 2–4. Lescs, however, also names: (1) the Virginia State Police, a governmental entity of the Commonwealth of Virginia, id. ¶¶ 5–6; (2) Trooper Joey P. Yokiel, Virginia state trooper, id. ¶ 7; (3) First Sergeant Blacklock, a Virginia state trooper, id. ¶ 8; and (4) former Virginia governor Terry McAuliffe,[2] id. ¶ 11 (collectively, the "Virginia Defendants").

As pled, McAuliffe is a citizen of Virginia, and while Lescs does not plead the citizenships of Yokiel and Blacklock, it is more likely than not that there are also Virginia Citizens. As both Lescs pleads that both Lescs and McAuliffe are Virginia citizens, complete diversity does not exist and the court cannot exercise diversity jurisdiction over the Federal Complaint.[3] See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) ("[The federal courts] possess only that power authorized by [the United States] Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.")

Accordingly, the court will dismiss Mills' complaint without prejudice pursuant to 28 U.S.C. §§ 1332 and 1915(e)(2)(B)(ii) for lack of jurisdiction.

---

[1] It is not clear from the pleadings whether the business entities are corporations, limited liability entities, or something else. Because the court determines that it cannot exercise diversity jurisdiction on other grounds, the court need not delve into the citizenship of these business entities.

[2] McAuliffe was governor on July 11, 2016, when Lescs filed the State Complaint. Governor Ralph Northam succeeded as governor of Virginia on January 13, 2018, six days before Lescs filed the Complaint. See Gregory S. Schneider et al., A pragmatist in partisan times: Ralph Northam becomes Virginia's 73rd governor, Wash. Post, Jan. 13, 2018, https://www.washingtonpost.com/local/virginia-politics/a-pragmatist-in-partisan-times-ralph-northam-becomes-virginias-73-governor/2018/01/13/86982592-f7d4-11e7-a9e3-ab18ce41436a_story.html?utm_term=.3448681d4d40.

[3] Even if the court did not dismiss on jurisdictional grounds, the Virginia Defendants are all state entities, officials, or former officials. To the extent Lescs is suing the Virginia Defendants in their official capacities, they would likely be immune from suit under the Eleventh Amendment. See Andrews v. Daw, 201 F.3d 521, 523–24 (4th Cir. 2000); Abbot v. Dep't of State Police, No. 3:07-CV-406, 2007 WL 2572353, at *1 (E.D. Va. 2007) (noting that case "against the Virginia State Police and Trooper Ilacqua acting in his official capacity is barred").

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: January 26, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge